IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS L. GOFF,  No. CIV S-10-0269-JAM-CMK-P

    Petitioner,

  vs.  FINDINGS AND RECOMMENDATIONS

M. SALINAS,

    Respondent.

                                     /

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 14) based on failure to exhaust state court remedies.

**I.  BACKGROUND**

        Petitioner was convicted following a plea of no contest to receiving stolen property. Petitioner admitted a prior strike and, on June 4, 2009, he was sentenced to a determinate term of four years in state prison. Petitioner did not file a timely direct appeal. Petitioner filed a habeas corpus petition in the Stanislaus County Superior Court in which he alleged violations relating to the conditions of his confinement at the Stanislaus County Jail. In a

1

second state habeas petition, petitioner claims that he did not receive discovery regarding his criminal case and that he was misinformed regarding the "time constraints" of his plea bargain. Both petitions were denied on June 18, 2009. Petitioner then filed two habeas petitions in the California Court of Appeal, both of which were denied. Petitioner filed a petition for review in the California Supreme Court on September 21, 2009, arguing that he should be permitted to file a late direct appeal. The petition for review was denied without comment or citation on October 28, 2009.

## II. DISCUSSION

Respondent argues that the instant federal petition contains only unexhausted claims. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v.

1 Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is
2 denied by the state courts on procedural grounds, where other state remedies are still available,
3 does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488
4 (1979); Sweet, 640 F.2d at 237-89.[1]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

In this case, respondent notes that petitioner never presented any of the claims raised in the federal petition to the California Supreme Court. Respondent is correct. A review of the petition for review filed in the California Supreme Court, which respondent has lodged in support of his motion to dismiss, reflects that petitioner did not raise any of the claims he now raises in the federal petition. The only issue argued by petitioner to the California Supreme Court was whether he should be permitted to file a late direct appeal. Because petitioner has not presented his federal claims to the state's highest court, the claims are unexhausted and the federal petition must be dismissed.

/ / /

/ / /

/ / /

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 14) be granted;
2. All other motions be denied as moot; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE